UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TERI ANNA ROLAND | § |
| | § |
| v. | § CIVIL CASE NO. 4:21-CV-415-SDJ |
| | § |
| STATE OF TEXAS, ET AL. | § |
| | § |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 22, 2021, the Report of the Magistrate Judge, (Dkt. #38), was entered containing proposed findings of fact and the recommendation that *pro se* Plaintiff Teri Anna Roland's Motion for Entry of Default, (Dkt. #33), be denied. Objections have been timely filed and reviewed. (Dkt. #41). Having assessed the Report and considered Roland's Objections, the Court determines that the Magistrate Judge's Report should be adopted.

Roland lodges three objections to the Magistrate Judge's recommendation that her motion for entry of default be denied. Roland's objections are largely unclear and difficult to decipher. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Nonetheless, the Court has undertaken a complete de novo review of the Magistrate Judge's Report.

First, Roland argues that the Magistrate Judge "erred when making the claim that a judge is somehow involved within this litigation." (Dkt. #41 at 1). Roland is correct that she sued Judges Sherry Shipman and Tiffany Haertling in their individual capacities; however, whether Shipman and Haertling were sued in their individual or official capacities has no bearing on the Magistrate Judge's Report. The Magistrate Judge's Report does not indicate that Shipman and Haertling are entitled to any "immunities" as judges. (Dkt. #41 at 1). Because Shipman has appeared in this matter by filing a motion to dismiss, (Dkt. #15), and because Haertling has not been properly served, entry of default against them is inappropriate. The Court overrules this objection.

Second, Roland appears to object to the Magistrate Judge characterizing her as "pro se" rather than "sui juris." (Dkt. #41 at 1). The characterization of Roland's status has no impact on whether entry of default is appropriate. The Court overrules this objection.

Third, Roland contends that the Magistrate Judge erred in finding that the Defendants have "appeared or filed any response or reply" because "[t]here is not one notice of appearance filed by any attorney who represents the [Defendants] nor is there a signature on any papers or filings by any of the named [Defendants]." (Dkt. #41 at 2). A notice of appearance by an attorney is not required for a defendant to appear before the Court, and defendants represented by attorneys need not personally sign court filings. Rather, as noted by the Magistrate Judge, "[t]he filing of a motion to dismiss is normally considered to constitute an appearance." (Dkt. #38

at 3 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989))). Shipman appeared in this case by filing a motion to dismiss. *See* (Dkt. #15). Defendants Department of Family and Protective Services, Commissioner Jamie Masters, and Governor Greg Abbott also appeared by filing an amended motion to dismiss. *See* (Dkt. #18). Defendants State of Texas and Haertling have not been properly served, and former Defendant Attorney General Ken Paxton was terminated as a party by way of Roland's amended complaint; therefore, none of these parties are in default. For these reasons, the Court overrules this objection.

It is therefore **ORDERED** that Plaintiff Teri Anna Roland's Motion for Entry of Default, (Dkt. #33), is **DENIED**.

**So ORDERED and SIGNED this 3rd day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE