UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERI ANNA ROLAND | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:21-CV-415-SDJ |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 6, 2022, the Report of the Magistrate Judge, (Dkt. #42), was entered containing proposed findings of fact and the recommendation that Defendant Judge Sherry Shipman's Motion to Dismiss, (Dkt. #15), be granted and *pro se* Plaintiff Teri Anna Roland's claims against Judge Shipman be dismissed. Objections have been timely filed and reviewed. (Dkt. #43). Having assessed the Report and considered Roland's objections, the Court determines that the Magistrate Judge's Report should be adopted.

Roland appears to make four objections to the Magistrate Judge's recommendation that Shipman's motion to dismiss be granted. Roland's objections are largely unclear and difficult to decipher. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

1

Nonetheless, the Court has undertaken a complete de novo review of the Magistrate Judge's Report.

First, Roland objects to Shipman's filings on grounds that they are "unsworn, unverifiable, [and] unsigned," and cannot be "evidence." (Dkt. #43 at 3). Roland's objection has no legal basis. "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." FED. R. CIV. P. 11(a). Shipman's motion to dismiss is properly signed by Scot M. Graydon, Assistant Attorney General, who represents Shipman in this matter. *See* (Dkt. #15 at 11); *see also* FED. R. CIV. P. 11(a) (requiring that a motion "must be signed by at least one attorney of record in the attorney's name" and that the "paper must state the signer's address, e-mail address, and telephone number").

Within this objection, Roland also argues that "the Defendant['s] representation that Sherry Shipman is a Judge, acted as a judge [and/or is] entitled to judicial and[/]or qualified immunity in opposition to what the record reflects is prejudice to the petitioner if error is sustained without proof with evidence to support on the record." (Dkt. #43 at 3). The Magistrate Judge's Report properly took judicial notice of certain facts generally knowable and not subject to reasonable dispute, namely, that Shipman is a state court judge in Denton County, that Shipman presided over Roland's child custody suit in state court, and that Shipman signed the Final Order of Termination in that case. The Final Order of Termination was entered on September 21, 2021, and that order became final on October 11, 2021, when the time for Roland to appeal expired. Roland does not contest that Shipman signed the

2

Final Order of Termination or that Roland failed to timely appeal that order. Crucially, Roland attached a copy of the docket sheet from her state custody case that contains ample references to Shipman as the presiding judge in Roland's child custody suit. *See* (Dkt. #9-3). In light of these uncontested facts, the Magistrate Judge correctly concluded that the *Rooker-Feldman* doctrine deprives the Court of subject-matter jurisdiction over all of Roland's claims. Moreover, to the extent Roland is arguing that Shipman is not entitled to judicial immunity, Roland does not allege that Shipman acted outside her judicial capacity or acted in the complete absence of jurisdiction. The Court overrules Roland's first objection.

Second, Roland seemingly objects that Shipman violated her constitutional rights via the "taking and trespass of her children." (Dkt. #43 at 3). This objection is both unintelligible and wholly irrelevant to the Magistrate Judge's reasons for recommending dismissal of Roland's claims against Shipman. The Court overrules this objection.

Third, Roland questions "[w]hether a woman can legally be a sovereign and a citizen" and whether the term "[s]overeign [c]itizen" is an oxymoron. (Dkt. #43 at 3). This objection is both unintelligible and wholly irrelevant to the Magistrate Judge's reasons for recommending dismissal of Roland's claims against Shipman. The Court overrules this objection.

Fourth, Roland appears to object that the State of Texas and the Department of Family and Protective Services are corporations and are not entitled to immunity. The Report addresses only Shipman's motion to dismiss and does not address

3

Roland's claims against the State of Texas or the Department of Family and Protective Services. The Court overrules this objection.

It is therefore **ORDERED** that Defendant Judge Sherry Shipman's Motion to Dismiss, (Dkt. #15), **GRANTED**. Plaintiff Teri Anna Roland's claims against Judge Sherry Shipman are **DISMISSED**.

**So ORDERED and SIGNED this 3rd day of March, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE