UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TERI ANNA ROLAND | § |
| | § |
| v. | §   CIVIL CASE NO. 4:21-CV-415-SDJ |
| | § |
| STATE OF TEXAS, ET AL. | § |
| | § |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 26, 2022, the Report of the Magistrate Judge, (Dkt. #45), was entered containing proposed findings of fact and the recommendation that Defendants Texas Department of Family and Protective Services ("DFPS"), Jamie Masters, and Greg Abbott's (collectively, "State Defendants") Motion to Dismiss, (Dkt. #18), be granted, that unserved Defendants the State of Texas and Tiffany Haertling be *sua sponte* dismissed for failure to serve under Rule 4, and that *pro se* Plaintiff Teri Anna Roland's suit be dismissed. Objections have been timely filed and reviewed. (Dkt. #46). Having assessed the Report and the record in this case, and having considered Roland's objections, the Court determines that the Magistrate Judge's Report should be adopted.[1]

---

[1] As to the recommendation that unserved Defendants the State of Texas and Haertling be *sua sponte* dismissed for failure to serve under Federal Rule of Civil Procedure 4, the Court finds that the requirements of Rule 4(m) have been met. The rule states that a court may dismiss an action without prejudice as to a defendant who is not served within ninety days after the complaint is filed "on its own after notice to the plaintiff." The Report put Roland on notice that her claims against the unserved defendants were subject to

1

Roland appears to make four objections to the Magistrate Judge's recommendation that the State Defendants' motion to dismiss be granted. Roland's objections are largely unclear and difficult to decipher, and they are nearly identical to her objections to the Report recommending dismissal of Roland's claims against Defendant Judge Sherry Shipman. *See* (Dkt. #43). "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Nonetheless, the Court has undertaken a complete de novo review of the Magistrate Judge's Report.

First, Roland objects to the State Defendants' filings on grounds that they are "unsworn, unverifiable, [and] unsigned," and cannot be "evidence." (Dkt. #46 at 3). Roland's objection has no legal basis. "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." FED. R. CIV. P. 11(a). The State Defendants' motion to dismiss is properly signed by John Daniel Coolidge, Assistant Attorney General, who represents the State Defendants in this matter. (Dkt. #18 at 19); *see also* FED. R. CIV. P. 11(a) (requiring that a motion "must be signed by at least one attorney of record in the attorney's name" and that the "paper must state the signer's address, e-mail address, and telephone number").

---

dismissal, and the fourteen-day objection period gave her an opportunity to cure the deficiency. *See, e.g.*, *Jaurdon-Simmons v. Tramontin*, No. 20-435, 2020 WL 8085100, at *5 n.4 (M.D. La. Dec. 9, 2020); *Hooks v. Berryhill*, No. 5:17-CV-302, 2017 WL 7921174, at *2 (W.D. Tex. Sept. 11, 2017).

Within this objection, Roland also argues that there are no facts or "evidence on the record supporting the State Defendant[s'] standing []or qualification to be granted the privilege of qualified immunity." (Dkt. #46 at 3). The Report does not recommend dismissal on the basis of qualified immunity; therefore, this objection is irrelevant. The Court overrules Roland's first objection.

Second, Roland seemingly objects that the State Defendants violated her constitutional rights via the "taking and trespass of her children." (Dkt. #46 at 3). This objection is both unintelligible and wholly irrelevant to the Magistrate Judge's reasons for recommending dismissal of Roland's claims. The Court overrules this objection.

Third, Roland questions "[w]hether a woman can legally be a sovereign and a citizen" and whether the term "[s]overeign [c]itizen" is an oxymoron. (Dkt. #46 at 3). This objection is both unintelligible and wholly irrelevant to the Magistrate Judge's reasons for recommending dismissal of Roland's claims. The Court overrules this objection.

Fourth, Roland appears to object that the State of Texas and DFPS are corporations and are not entitled to immunity. The State of Texas's immunity is irrelevant, as the Report recommends dismissal of the State because Roland failed to properly serve it. As to DFPS, Roland argues only that it is not entitled to qualified immunity. The Report recommends dismissal of DFPS on sovereign immunity grounds, and the Court agrees that this is appropriate. The Court overrules this objection.

3

It is therefore **ORDERED** that Defendants Texas Department of Family and Protective Services, Jamie Masters, and Greg Abbott's Motion to Dismiss, (Dkt. #18), is **GRANTED**. It is further **ORDERED** that the State of Texas and Tiffany Haertling are *sua sponte* dismissed for failure to serve under Federal Rule of Civil Procedure 4. Plaintiff Teri Anna Roland's claims against Texas Department of Family and Protective Services, Jamie Masters, Greg Abbott, the State of Texas, and Tiffany Haertling are **DISMISSED WITHOUT PREJUDICE**.

Because all Defendants have been dismissed, it is further **ORDERED** that Roland's Motion for Summary Judgment, (Dkt. #25), is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 3rd day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE